(No. 79-CV-0255—

*In re* APPLICATION OF EARL KNIGHT.

*Order filed April 7, 1980.*

EARL KNIGHT, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on February 10, 1978. Earl Knight, father of the victim, Keith Knight, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on February 10, 1978, the victim was shot by his girlfriend at the residence they shared at 6512 S. Ross, Chicago, Illinois. The incident stemmed from an altercation between the victim and his girlfriend during which he repeatedly struck her and threatened her with a gun. After a struggle for the gun, the victim's girlfriend gained possession of the gun and shot him. The victim was taken to St. Bernard's Hospital where he expired shortly after admission. Police investigation classified the incident as justifiable homicide. The victim's girlfriend was charged with unlawful use of weapons.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to the victim's physical assault against his girlfriend and his threats to use a gun against her.

4. That the Claimant seeks compensation for funeral and burial expenses incurred as a result of the victim's death.

5. That section 3(a) of the Act states a person related to a victim is eligible for compensation for reasonable funeral expenses provided that such expenses were paid by him.

6. That the total funeral and burial expenses for the victim were paid by the Illinois Department of Public Aid in the amount of $550.00.

7. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is, hereby denied.